UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNIFIRST CORPORATION, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| INSURANCE COMPANY OF NORTH | * | |
| AMERICA, INDEMNITY INSURANCE | * | |
| COMPANY OF NORTH AMERICA, | * | Civil Action No. 15-cv-11771-IT |
| CIGNA PROPERTY & CASUALTY | * | |
| INSURANCE COMPANY n/k/a | * | |
| ACE PROPERTY AND CASUALTY | * | |
| INSURANCE COMPANY, and | * | |
| PACIFIC EMPLOYERS INSURANCE | * | |
| COMPANY, | * | |
| | * | |
| Defendants. | * | |

ORDER

November 13, 2015

TALWANI, D.J.

This court hereby orders that the Parties' Joint Motion for Entry of Stipulated Protective Order [#25] is ALLOWED IN PART AND DENIED WITHOUT PREJUDICE IN PART. To the extent that the proposed protective order governs the exchange of documents and information between the parties, the motion is ALLOWED.

Insofar as the proposed protective order seeks to govern the use of information in any court proceeding or court filing, however, nothing in the protective order limits this court's authority to make orders concerning the disclosure or impoundment of documents produced in discovery or at trial. To that end, the motion is DENIED WITHOUT PREJUDICE to a party making a particularized showing for the need for impoundment.

This court is guided in this regard by First Circuit precedent and Local Rule 7.2. Because

the public has a "presumptive" right of access to judicial documents, "'only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access.'" United States v. Kravetz, 706 F.3d 47, 59 (1st Cir. 2013) (quoting In re Providence Journal Co., 293 F.3d 1, 10 (1st Cir. 2002)).  Accordingly, the burden is on impoundment-seeking party to show that impoundment will not violate the public's presumptive right of access.

For that reason, when seeking to file under seal any confidential information, a party must show this court good cause for the impoundment. Specifically, the party seeking impoundment must make "'a particular factual demonstration of potential harm, not . . . conclusory statements'" as to why a document should be sealed.  Id. at 60 (quoting Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 412 (1st Cir. 1987)); see also Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." (citations omitted)).  Reference to a document's designation as confidential pursuant to the parties' protective order, without more, will not suffice to show a particularized need for impoundment.

IT IS SO ORDERED.

Date:   November 13, 2015               /s/ Indira Talwani
                                        United States District Judge